The document below is hereby signed.

Signed: May 6, 2013



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| YOURI BEITDASHTOO, | ) | Case No. 12-00722 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE OBJECTION TO CLAIM

Before the court is the debtor's objection to Claim 7 filed by BMW Financial Services NA, LLC.  BMW Financial Services filed a proof of claim (Claim 7-1 on the claims register) in the amount of $9,708.27 for the "[b]alance remaining on an assumed LEASE agreement" and stated that the claim is secured by the assumed lease.  In response to the debtor's objection, BMW Financial Services filed an amended proof of claim, Claim 7-2, which changed the status of the claim from secured to unsecured.  For the reasons that follow, I will disallow the claim of BMW Financial Services.

I

The debtor's confirmed chapter 13 plan provides in section D-1: "ALL EXECUTORY CONTRACTS ASSUMED."  The car lease is an

executory contract because "performance is due to some extent on both sides." *United States, Dep't of the Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1472 (4th Cir. 1990); *see also* 3 COLLIER ON BANKRUPTCY ¶ 365.02[2] (16th ed.).  Under the lease, BMW Financial Services is required to allow the debtor to possess and use the car and the debtor is required to make lease payments. Moreover, BMW Financial Services has not objected that the language in the plan, "All executory contracts assumed," does not encompass this car lease.

The debtor argues that an assumed lease that has not been breached or rejected does not give rise to a claim.  Accordingly, the debtor argues that because the BMW lease has been assumed,

> a proof of claim is simply improper.  While a rejected lease gives rise to a claim, 11 U.S.C. § 365(g)(1), § 502(g), if the lease is assumed there is no claim.  If it is assumed and later breached or rejected, that gives rise to an administrative expense claim.  11 U.S.C. § 365(g)(2).  *See In re Pearson*, 90 BR 638, 642 (Bankr. D.N.J. 1988); *In re University Medical Center*, 973 F.2d 1065, 1078 (3rd Cir. 1992).  But there is no claim at all where a lease is assumed and not breached or rejected.

Obj. at 2.

The opposition filed by BMW Financial Services is unresponsive with respect to this issue.  The opposition asserts only:

> Claimant has amended its claim to unsecured to properly characterize the Debtor's liability pursuant to the Motor Vehicle Lease Agreement for one 2011 BMW 3.0I motor vehicle.  Claimant has a claim for that remaining liability under the lease agreement. 11 U.S.C. § 101(5).

2

Opp. at 1.

II

A chapter 13 debtor may assume or reject an executory contract or unexpired lease pursuant to 11 U.S.C. §§ 365, 1322(b)(7).  When the unexpired lease has *not* been assumed and instead has been rejected, then rejection constitutes a breach of the lease immediately before the date of the filing of the petition.  11 U.S.C. § 365(g)(1).  Moreover, a "claim arising from the rejection . . . of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed . . . the same as if such claim had arisen before the date of the filing of the petition."  11 U.S.C. § 502(g)(1).

However, "a lease that *has been assumed* under a plan or pursuant to section 365 does not give rise to a claim."  *Wainer v. A.J. Equities, Ltd.*, 984 F.2d 679, 684-85 (5th Cir. 1993).  *See also Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 505 (5th Cir. 2000); *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 581 (6th Cir. 1977); *In re Valley View Shopping Ctr., L.P.*, 260 B.R. 10, 25 (Bankr. D. Kan. 2001).  If the debtor defaults on the assumed lease, the default may be deemed a postpetition breach that may give rise to an administrative expense claim under 11 U.S.C. § 503(b)(1)(A), which allows as administrative expenses "the

actual, necessary costs and expenses of preserving the estate[.]" *See, e.g.*, *In re Michalek*, 393 B.R. 642 (Bankr. E.D. Wis. 2008) (allowing administrative expense treatment of motor vehicle lessor's claim for damages arising out of the chapter 13 debtor's post-assumption breach of a car lease). Therefore, I will disallow the claim without prejudice to the assertion of an administrative claim by BMW Financial Services should the debtor breach or reject the assumed lease.[1] Nevertheless, at this point the debtor has not defaulted on the assumed lease and BMW Financial Services does not have a claim pursuant to the assumed car lease.

III

For these reasons, it is

ORDERED that the debtor's objection to claim is GRANTED and BMW Financial Services NA, LLC's original proof of claim (Claim 7-1) and amended proof of claim (Claim 7-2) are DISALLOWED without prejudice to the assertion of any administrative claim that BMW Financial Services may have in the event of a post-assumption breach or rejection of the motor vehicle lease.

[Signed and dated above.]
Copies to: Debtor; recipients of e-notification of orders.

---

[1] The debtor agrees that the disallowance should be without prejudice, stating: "Debtor has no objection to the disallowance being without prejudice to the assertion of any administrative claim that BMW may have in the event of a post-assumption breach or rejection of the lease." Obj. at 3 n.1.

4